# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE B. GAITHER, | 1:10-CV-01257 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| J. D. HARTLEY, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**RELEVANT HISTORY**[1]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation following his conviction in Los Angeles County Superior Court in 1989 of second degree murder with use of a firearm. He is serving a sentence of eighteen years to life with the possibility of parole.

Petitioner does not challenge his underlying conviction; rather, he claims the California Board of Parole Hearings ("Board") violated his due process rights in its May 28, 2009, decision

---

[1] This information is taken from the pleadings and the state court documents attached to Respondent's answer, and are not subject to dispute.

1

1  finding Petitioner unsuitable for parole.  Petitioner contends the Board denied his due process
2  rights when it denied parole because no evidence supported the finding of current dangerousness.
3  He argues that the factors used by the Board to deny parole did not demonstrate that he currently
4  poses a risk of danger to the public if released.

5        Petitioner filed a habeas petition challenging the Board's 2009 decision in the Los
6  Angeles County Superior Court on August 6, 2009.  The petition was denied in a reasoned
7  decision on October 13, 2009.  Petitioner next filed a habeas petition in the California Court of
8  Appeal, Second Appellate District, on December 7, 2009.  The appellate court denied the petition
9  on December 15, 2009.  Petitioner then filed a habeas petition in the California Supreme Court
10  on December 24, 2009.  The petition was summarily denied on June 17, 2010.

11        Petitioner filed the instant federal petition for writ of habeas corpus on July 14, 2010.
12  Respondent filed an answer to the petition on October 26, 2010.  Petitioner filed a traverse on
13  November 30, 2010.

**STATEMENT OF FACTS**[2]

15        On July 18, 1989, Petitioner walked through the patio area of a Taco Bell restaurant in
16  Pasadena, California.  As he was walking, he yelled, "What does he look like?"  Witnesses said
17  Petitioner then pulled out a gun from his waistband, pointed it at 15 year old Armando Barraca
18  Vega, and said, "Insane Crips."  He then fired five or six shots killing Vega.  Petitioner fled the
19  area by car.

**DISCUSSION**

21  I.   Standard of Review
22        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
23  of
24  1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its
25  enactment.  Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries
26  v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th

---

[2] This information is derived from the summary of the crime set forth in the parole board's decision.

Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

      Petitioner is in custody of the California Department of Corrections and Rehabilitation pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold requirement of being in custody pursuant to a state court judgment. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *citing* White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2004) ("Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging his underlying state court conviction.'").

      The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; Williams, 529 U.S. at 413.

      "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.   Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the

states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable.  See Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir.2003); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

II.     Review of Petition

There is no independent right to parole under the United States Constitution; rather, the right exists and is created by the substantive state law which defines the parole scheme.  Hayward v. Marshall, 603 F.3d 546, 559, 561 (9th Cir. 2010) (en banc) (citing Bd. of Pardons v. Allen, 482 U.S. 369, 371 (1987); Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010) (citing Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005)); Cooke v. Solis,606 F.3d 1206 (9th Cir. 2010).  "[D]espite the necessarily subjective and predictive nature of the parole-release decision, state statutes may create liberty interests in parole release that are entitled to protection under the Due Process Clause."  Bd. of Pardons v. Allen, 482 U.S. at 371.

In California, the Board of Parole Hearings' determination of whether an inmate is suitable for parole is controlled by the following regulations:

> (a) General. The panel shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for a denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison.
>
> (b) Information Considered. All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

Cal. Code Regs. tit. 15, §§ 2402(a) and (b).  Section 2402(c) sets forth circumstances tending to demonstrate unsuitability for release.  "Circumstances tending to indicate unsuitability include:

> (1) Commitment Offense.  The prisoner committed the offense in an especially heinous, atrocious or cruel manner.  The factors to be considered include:
>
>   (A) Multiple victims were attacked, injured or killed in the same or separate incidents.
>   (B) The offense was carried out in a dispassionate and calculated manner,

4

        such as an execution-style murder.
        (C) The victim was abused, defiled or mutilated during or after the offense.
        (D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.
        (E) The motive for the crime is inexplicable or very trivial in relation to the offense.

(2) Previous Record of Violence.  The prisoner on previous occasions inflicted or attempted to inflict serious injury on a victim, particularly if the prisoner demonstrated serious assaultive behavior at an early age.

(3) Unstable Social History.  The prisoner has a history of unstable or tumultuous relationships with others.'

(4) Sadistic Sexual Offenses.  The prisoner has previously sexually assaulted another in a manner calculated to inflict unusual pain or fear upon the victim.

(5) Psychological Factors.  The prisoner has a lengthy history of severe mental problems related to the offense.

(6) Institutional Behavior.  The prisoner has engaged in serious misconduct in prison or jail.

Cal. Code Regs. tit. 15, § 2402(c)(1)(A)-(E),(2)-(9).

Section 2402(d) sets forth the circumstances tending to show suitability which include:

(1) No Juvenile Record.  The prisoner does not have a record of assaulting others as a juvenile or committing crimes with a potential of personal harm to victims.

(2) Stable Social History.  The prisoner has experienced reasonably stable relationships with others.

(3) Signs of Remorse.  The prisoner performed acts which tend to indicate the presence of remorse, such as attempting to repair the damage, seeking help for or relieving suffering of the victim, or indicating that he understands the nature and magnitude of the offense.

(4) Motivation for Crime.  The prisoner committed his crime as a result of significant stress in his life, especially if the stress has built over a long period of time.

(5) Battered Woman Syndrome.  At the time of the commission of the crime, the prisoner suffered from Battered Woman Syndrome, as defined in section 2000(b), and it appears the criminal behavior was the result of that victimization.

(6) Lack of Criminal History.  The prisoner lacks any significant history of violent crime.

(7) Age.  The prisoner's present age reduces the probability of recidivism.

(8) Understanding and Plans for Future.  The prisoner has made realistic plans for release or has developed marketable skills that can be put to use upon release.

(9) Institutional Behavior.  Institutional activities indicate an enhanced ability to function within the law upon release.

1  Cal. Code Regs. tit. 15, § 2402(d)(1)-(9)

2        The California parole scheme entitles the prisoner to a parole hearing and various
3  procedural guarantees and rights before, at, and after the hearing. Cal. Penal Code § 3041.5. If
4  denied parole, the prisoner is entitled to subsequent hearings at intervals set by statute. Id. In
5  addition, if the Board or Governor find the prisoner unsuitable for release, the prisoner is entitled
6  to a written explanation. Cal. Penal Code §§ 3041.2, 3041.5. The denial of parole must also be
7  supported by "some evidence," but review of the Board's or Governor's decision is extremely
8  deferential. In re Rosenkrantz, 29 Cal.4th 616, 128 Cal.Rptr.3d 104, 59 P.3d 174, 210 (2002).

9        Because California's statutory parole scheme guarantees that prisoners will not be denied
10 parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals
11 recently held California law creates a liberty interest in parole that may be enforced under the
12 Due Process Clause. Hayward v. Marshall, 602 F.3d at 561-563; Pearson v. Muntz, 606 F.3d
13 606, 608-609 (9th Cir. 2010). Therefore, under 28 U.S.C. § 2254, this Court's ultimate
14 determination is whether the state court's application of the some evidence rule was unreasonable
15 or was based on an unreasonable determination of the facts in light of the evidence. Hayward v.
16 Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

17       The applicable California standard "is whether some evidence supports the *decision* of
18 the Board or the Governor that the inmate constitutes a current threat to public safety, and not
19 merely whether some evidence confirms the existence of certain factual findings." In re
20 Lawrence, 44 Cal.4th 1181, 1212 (2008) (emphasis in original and citations omitted). As to the
21 circumstances of the commitment offense, the Lawrence Court concluded that

> although the Board and the Governor may rely upon the aggravated circumstances of the commitment offense as a basis for a decision denying parole, the aggravated nature of the crime does not in and of itself provide some evidence of current dangerousness to the public unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state, indicates that the implications regarding the prisoner's dangerousness that derive from his or her commission of the commitment offense remain probative to the statutory determination of a continuing threat to public safety.

27 Id. at 1214.
28       In addition, "the circumstances of the commitment offense (or any of the other factors

related to unsuitability) establish unsuitability if, and only if, those circumstances are probative to the determination that a prison remains a danger to the public. It is not the existence or nonexistence of suitability or unsuitability factors that forms the crux of the parole decision; the significant circumstance is how those factors interrelate to support a conclusion of current dangerousness to the public." In re Lawrence, 44 Cal.4th at 1212.

"In sum, a reviewing court must consider 'whether the identified facts are *probative* to the central issue of *current* dangerousness when considered in light of the full record before the Board or the Governor.'" Cooke v. Solis, 606 F.3d 1206, 1214 (9th Cir. 2010) (emphasis in original) (citing Hayward v. Marshall, 603 F.3d at 560).

A. State Court Decision

The superior court provided the last reasoned decision, rejecting Petitioner's claim as follows:

> The Board found the Petitioner unsuitable for parole after a parole consideration hearing held on May 28, 2009. Petitioner was denied parole for three years. The Board concluded that the Petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety. The Board based its decision on several factors, including his commitment offense, his previous record of violence, his unstable social history, his lack of insight into the offense and his risk assessment in his psychological report.
>
> The Court finds that there is some evidence to support the Board's findings that the offense was carried out in a dispassionate and calculated manner and that the motive was "inexplicable or trivial" in relation to the offense. [Citation.] The record indicates that the Petitioner went into the restaurant in search of the victim and, upon spotting him, aimed and fired several shots at him while calling out a gang's name. These actions were planned and deliberate and indicate that the offense was carried out in a dispassionate and calculated manner. There is no evidence in the record that indicates that the victim had harmed or threatened the Petitioner in any way, nor has the Petitioner ever provided any explanation as to why he shot the victim. Thus, the motive is inexplicable, indicating that the Petitioner was unusually unpredictable and dangerous. [Citation.]
>
> The Court also finds that there is some evidence to support the Board's findings that the Petitioner has a previous record of violence and an unstable social history. [Citation.] The Petitioner has at least three prior convictions, including one for battery on a police officer in 1988. He also has a significant arrest record and a history of association with the Insane Crips gang. The Petitioner dropped out of school in the 12th grade and admits that he was involved in several fights. This demonstrates a previous record of violence and history of tumultuous relationships with others.
>
> After a long period of time, immutable factors, such as the commitment offense, prior offenses and unstable social history, may no longer indicate a current risk of danger to society in light of a lengthy period of positive rehabilitation. [Citation.] However, as discussed below, the Board also considered other factors which weigh against Petitioner's

> suitability. In cases, such as this one, where other factors indicate a lack of rehabilitation, the aggravated circumstances of the offense and the Petitioner's historical factors may provide some evidence of current dangerousness, even decades later. [Citation.]
>
> Additionally, the Court finds that there is some evidence to support the Board's finding that the Petitioner lacks insight into his offense. An inmate's failure to gain insight regarding his offense, despite years of rehabilitative programming, may indicate a current risk of danger to society. [Citation.] Here, the Petitioner stipulated to the facts of the offense at the hearing, but he was not able to provide any indication of why he committed the offense, nor did he express any remorse for the victim. In his most recent psychological evaluation, the Petitioner denied committing the offense and the report indicated that he expressed no remorse. The Petitioner may not be required to admit guilt. [Citation.] However, as the Petitioner accepts the official facts of the offense, his lack of remorse and failure to articulate any of the causative factors leading to his offense do indicate a lack of insight. [Citation.]
>
> The Board also considered the Petitioner's 2009 psychological report's assessment that concluded he falls within the moderate range for psychopathy and that he falls within the moderate range for overall risk of violence, if released. Additionally, the Board considered the Petitioner's seven 115s received in prison, including three for violence and the last 115, which was received in 2002. While these factors, alone, may not justify a finding of unsuitability, the Board may properly consider them as they are relevant to a determination of whether the Petitioner is suitable for parole. [Citation.]
>
> The Board also considered the Petitioner's post-conviction gains, including his high school diploma, his vocation in office services, his certification in computer refurbishment, his good work chronos and his participation in numerous self-help programs, including substance abuse programs since 1995. However, they still concluded that the Petitioner would pose an unreasonable threat to public safety. [Citation.] The Court finds that there is some evidence to support this determination because there is evidence in the record, including the Petitioner's unfavorable psychological report, that the Petitioner continues to lack insight into his offense, which provides a nexus between his past antisocial conduct and commitment offense and current dangerousness.

(See Resp't's Answer Ex. 2.)

The state court decision was not objectively unreasonable. First, the state court reasonably determined that some evidence supported the finding that the commitment offense was carried out in an especially heinous, atrocious or cruel manner. There was evidence that the motive for the crime was inexplicable. Cal. Code Regs., tit. 15, § 2402, subd. (c)(1)(E). Petitioner stipulated to the facts of the case; however, he offered no motive for his crime. There was also evidence that the offense was carried out in a calculated and dispassionate manner. Cal. Code Regs., tit. 15, § 2402, subd. (c)(1)(B). The victim was not armed or threatening Petitioner in any way, yet Petitioner sought him out at a restaurant, walked up to him, pulled out a gun, and fired five to six times directly at the victim, killing him. In light of the evidence, the state court determination that some evidence supported the Board's finding that the crime was carried out in

an especially heinous, atrocious or cruel manner was not unreasonable.

Second, the state court reasonably determined that there was some evidence supporting the Board's finding that Petitioner's prior criminal history weighed against suitability. Cal. Code Regs., tit. 15, § 2402, subd. (c)(2). As noted by the superior court, the evidence supported this finding. Prior to the underlying offense, Petitioner had convictions for two burglaries, disturbing the peace, and battery on a peace officer. The state court decision was not unreasonable.

The California Supreme Court has held that "[t]he nature of the prisoner's offense, alone, can constitute a sufficient basis for denying parole." In re Rosenkrantz, 29 Cal.4th 616, 682 (2002). However, in cases where prisoners have served their suggested base terms and have demonstrated strong evidence of rehabilitation and no other evidence of current dangerousness, the underlying circumstances of the commitment offense and prior criminal history by themselves rarely will provide a valid basis for denying parole. In re Lawrence, 44 Cal.4th 1191, 1211 (2008). In this case, the Board did not rely only on immutable factors such as the commitment offense and prior criminal history.

The Board specifically determined Petitioner posed a current risk of danger to the public based on his past and present attitude toward the crime. Cal. Code Regs., tit. 15, § 2402, subd. (b). As previously stated, Petitioner offered no reason for his motivation to commit the crime. He showed no remorse. In addition, up until the hearing itself, Petitioner had denied that he ever committed the crime. Petitioner's lack of insight and attitude toward the crime provide some evidence of a current risk of danger to the public if released. In re Shaputis, 44 Cal.4th 1241, 1260 (2008).

The Board also found that Petitioner's psychological evaluation was indicative of a present risk of danger to the public. The psychologist concluded that Petitioner's overall risk of future violence was moderate. In Hayward v. Marshall, 603 F.3d 546, 562-63 (9th Cir. 2010), the Ninth Circuit found that the nature of the commitment offense, in combination with a psychological report determining the petitioner posed a low-to-moderate risk of danger to the public if released, established some evidence of future dangerousness to the public. Such is the case here, except the psychologist's rating of Petitioner's risk is even greater. The state court's

determination was not unreasonable.

Also relied on as a factor of unsuitability was Petitioner's negative behavior in prison. Cal. Code Regs., tit. 15, § 2402(c)(6). Petitioner had sustained seven (7) "CDC-115" serious rules violations while incarcerated and fourteen (14) "CDC-128" counseling chronos. Although Petitioner had remained incident-free for some time, his demonstrated failure to abide by the law even after incarceration provided some evidence of a current risk of danger.

The Board also considered Petitioner's positive factors. He was commended for his participation in self-help programs such as Alcoholics Anonymous. He also achieved vocations in computer repair and in office services. Nevertheless, after considering the factors in favor of suitability, the Board concluded that the positive aspects of Petitioner's behavior did not outweigh the factors of unsuitability. The Board determined that the circumstances of Petitioner's commitment offense and prior criminal history, along with his lack of insight, mental attitude toward the crime, negative psychological evaluation, and negative institutional behavior, were more probative of a danger to the public should Petitioner be released. The state courts' determination that there was some evidence to support the Board's 2009 decision is not an unreasonable application of California's some evidence standard, nor an unreasonable determination of the facts in light of the record. Accordingly, federal habeas corpus relief is unavailable.

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.The instant petition for writ of habeas corpus be DENIED; and

2.The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served

and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 18, 2011**                                 /s/ Sandra M. Snyder
                                                                                    UNITED STATES MAGISTRATE JUDGE